UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

JEAN A. SMITH,

        Plaintiff,

     v.

JOANNE B. BARNHART,

        Defendant.

No. CV-03-3148-FVS

ORDER

**THIS MATTER** comes before the Court on cross motions for summary judgment by the plaintiff, Ct. Rec. 11, and the defendant, Ct. Rec. 13. Ms. Smith is represented by Thomas Bothwell. Ms. Barnhart, Commissioner of the Social Security Administration, is represented by Assistant United States Attorney Pamela J. DeRusha and Special Assistant United States Attorney David M. Burdett.

## I.    JURISDICTION

Ms. Smith filed a Disability Insurance Benefits application on November 14, 2001. (Tr. 92.) The plaintiff alleged she had an onset date of June 1, 1999. (Id.) Her application was denied initially, Tr. 66-69, and on reconsideration, Tr. 72-74. After timely requesting a hearing, the plaintiff appeared before Administrative Law Judge ("ALJ") Verrell Dethloff on November 11, 2002. (Tr. 34-63.) The ALJ issued a decision on February 10, 2003, finding the plaintiff was not disabled and denying her claim. (Tr. 19-32.) The

ORDER - 1

Appeals Council denied review, making the ALJ's decision the final decision of the Commissioner.  (Tr. 5-6.)  The instant matter is before the district court pursuant to 42 U.S.C. § 405(g).

## II.  SEQUENTIAL EVALUATION PROCESS

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months."  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  The Act also provides that a claimant shall be determined to be under a disability only if her impairments are of such severity that the claimant is not only unable to do her previous work but cannot, considering claimant's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy.  42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled.  20 C.F.R. §§ 404.1520, 416.920; *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987).[1]

---

[1] Certain sections of 20 C.F.R. addressing Title II and Title XVI benefits were recently amended.  68 F.R. 51153.  The amendments are applicable to administrative decisions dated on or after September 25, 2003.  68 F.R. 51159.  Accordingly, the amendments are not applicable here.  Any reference to C.F.R. sections in this opinion is pre-amendment pending publication of the amendments in April 2004.

ORDER - 2

Step 1: Is the claimant engaged in substantial gainful activities?  20 C.F.R. §§ 404.1520(b), 416.920(b).  If she is, benefits are denied.  If she is not, the decision maker proceeds to step two.

Step 2: Does the claimant have a medically severe impairment or combination of impairments?  20 C.F.R. §§ 404.1520(c)), 416.920(c)).  If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied.  If the impairment is severe, the evaluation proceeds to the third step.

Step 3: Does the claimant's impairment meet or equal one of the listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity?  20 C.F.R. §§ 404.1520(d), 416.920(d); 20 C.F.R. § 404 Subpt. P App. 1.  If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled.  If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step.

Step 4: Does the impairment prevent the claimant from performing work she has performed in the past?  20 C.F.R. §§ 404.1520(e), 416.920(e).  If the claimant is able to perform her previous work, she is not disabled.  If the claimant cannot perform this work, proceed to the fifth and final step.

Step 5: Is the claimant able to perform other work in the national economy in view of her age, education and work experience?  If the claimant is able to perform other work in the national economy, then she is not disabled.  20 C.F.R. §§ 404.1520(f),

ORDER - 3

1  416.920(f).

2      The initial burden of proof rests upon the plaintiff to
3  establish a prima facie case of entitlement to disability benefits.
4  *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971).  This burden
5  is met once a claimant establishes that a physical or mental
6  impairment prevents her from engaging in her previous occupation.  At
7  step five, the burden shifts to the Commissioner to show the claimant
8  can perform other substantial gainful activity and a "significant
9  number of jobs exist in the national economy" which claimant can
10  perform.  *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

11                    **III.   STANDARD OF REVIEW**

12      "The [Commissioner's] determination that a claimant is not
13  disabled will be upheld if the findings of fact are supported by
14  substantial evidence."  *Delgado v. Heckler*, 722 F.2d 570, 572 (9th
15  Cir. 1983) (citing 42 U.S.C. § 405(g)).  Substantial evidence is more
16  than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119
17  n.10 (9th Cir. 1975), but less than a preponderance.  *McAllister v.
18  Sullivan*, 888 F.2d 599, 601-02 (9th Cir. 1989).  "It means such
19  relevant evidence as a reasonable mind might accept as adequate to
20  support a conclusion."  *Richardson v. Perales*, 402 U.S. 389, 401
21  (1971) (citations omitted).  "[S]uch inferences and conclusions as
22  the [Commissioner] may reasonably draw from the evidence" will also
23  be upheld.  *Mark v. Celebrezze*, 348 F.2d 289, 293 (9th Cir. 1965).
24  On review, the Court considers the record as a whole, not just the
25  evidence supporting the decision of the Commissioner.  *Weetman v.
26  Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989) (quoting *Kornock v. Harris*,

ORDER - 4

648 F.2d 525, 526 (9th Cir. 1980)). The Court cannot affirm the Commissioner's decision simply by isolating a specific quantum of supporting evidence, *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir.1999); however, if the evidence supports more than one rational interpretation, the Court must uphold the decision of the ALJ. *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). A decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Sec'y of Health and Human Serv.*, 839 F.2d 432, 433 (9th Cir. 1987).

## IV. STATEMENT OF FACTS

The facts have been presented in the administrative transcript and will only be summarized here. At the time the ALJ issued his decision, the plaintiff was 54 years old. (Tr. 29.) She has an eleventh grade education. (Id.) Her past relevant work was as a medical office assistant. (Tr. 32.) Plaintiff alleges she has been disabled since June 1, 1999, due to a variety of impairments. (Tr. 20.)

## V. COMMISSIONER'S FINDINGS

At Step One, the ALJ found the plaintiff had not engaged in substantial gainful activity since the onset of her disability. (Tr. 19.) At Step Two, the ALJ found the plaintiff's anxiety disorder, osteoarthritis, recent internal derangement of the acromioclavicular with impingement syndrome, in the right shoulder, and history of rotator cuff disease in the  right shoulder were severe impairments. (Tr. at 20.) At Step Three, the ALJ found the

ORDER - 5

plaintiff's impairments, alone and in combination, did not meet or equal any of the impairments described in the listing of impairments. Id.  The ALJ determined the plaintiff retained the residual functional capacity to perform light work, with limited over the head reaching on the right.  (Tr. 22.)  Proceeding to Step Four, the ALJ found the plaintiff was able to perform her past relevant work as a medical office assistant.  (Tr. 32.)  Accordingly, the ALJ determined the plaintiff was not disabled within the definition of the Social Security Act.  Id.; 20 C.F.R. § 404.1520(e).

## VI.  ISSUES

The plaintiff contends the Commissioner's findings are tainted by legal error and not supported by substantial evidence.  The plaintiff argues the Commissioner's decision was in error because (1) there is attending physician evidence in the record showing the plaintiff is unable to return to her past work and (2) there is inadequate evidence to support the ALJ's determination that the plaintiff could engage in her past relevant work.

The Court must uphold the Commissioner's determination that the claimant is not disabled if the Commissioner applied the proper legal standards and there is substantial evidence in the record as a whole to support the decision.

## VII. DISCUSSION

### A.  CONSIDERATION OF ATTENDING PHYSICIAN'S OPINION

The plaintiff argues her claim for benefits should be remanded to the ALJ for reconsideration of new evidence.  The evidence the plaintiff wishes to have considered is that of her attending

physician's opinion regarding her ability to work.  This evidence was accepted into the record by the Appeals Council.  (Tr. 7.)  In spite of the new evidence, the Appeals Council denied the plaintiff's request for review.  (Tr. 5.)  There are limited circumstances when remand will be granted for consideration of new evidence.  Such a remand is proper "when the evidence is material and the claimant establishes good cause for failing to submit the evidence during the administrative proceedings." *Orteza v. Shalala*, 50 F.3d 748, 751 (9th Cir. 1995) (citing *Allen v. Sec'y of Health and Human Serv.*, 726 F.2d 1470, 1473 (9th Cir. 1984).  New evidence is considered "material" if it "bear[s] 'directly and substantially on the matter in dispute.'" *Mayes v. Massanari*, 276 F.3d 453, 462 (9th Cir. 2001) (quoting *Ward v. Schweiker*, 686 F.2d 762, 764 (9th Cir. 1982).  A claimant "must additionally demonstrate that there is a 'reasonable possibility' that the new evidence would have changed the outcome of the administrative hearing." *Id.* (citing *Booz v. Secretary of Health & Human Servs.*, 734 F.2d 1378, 1380-81 (9th Cir. 1983).

In addition to showing that new evidence is material, a claimant must also show good cause for not offering the evidence in earlier proceedings.  In order to demonstrate good cause, a claimant must show that the evidence was not available at an earlier time. *Id.* at 463 (citing *Key v. Heckler*, 754 F.2d 1545, 1551 (9th Cir. 1987) (stating that "[i]f new information surfaces after the Secretary's final decision and the clamant could not have obtained that evidence at the time of the administrative proceeding, the good cause requirement is satisfied")).

ORDER - 7

1    Here, the plaintiff has failed to meet her burden of

2  demonstrating that remand is proper for the reconsideration of new

3  evidence.  While the opinion of Dr. Cox goes directly to the matter

4  at hand in this case, the plaintiff has not demonstrated that the

5  ALJ's determination would have been different had Dr. Cox's opinion

6  been considered.  Even if the plaintiff had met the requirements of

7  materiality, she has not shown good cause for not having offered Dr.

8  Cox's opinion during the hearing before the ALJ.  The record

9  demonstrates that Dr. Cox was listed as a medical source in the Daily

10  Activity Questionnaire completed by the plaintiff on December 19,

11  2001.  (Tr. 132.)  The opinion evidence which the plaintiff now

12  wishes to have considered was not sought until May 9, 2003.  (Tr.

13  319.)  The plaintiff has failed to explain why she did not seek or

14  could not have obtained Dr. Cox's opinion before the ALJ hearing.

15    The plaintiff has not demonstrated that the new evidence she now

16  wishes to have considered is material to the ALJ's determination.

17  Even if the new evidence is material, the plaintiff has failed to

18  show good cause for not introducing the evidence earlier.  The

19  plaintiff's argument for reconsideration based on new evidence does

20  not form the proper basis for remand to the ALJ.

21  **B.  PLAINTIFF'S ABILITY TO PERFORM PAST RELEVANT WORK**

22    The plaintiff argues there is not substantial evidence in the

23  record to support the ALJ's determination that the plaintiff can

24  engage in her past relevant work.

25    In deciding whether a claimant can perform past relevant work,

26  the ALJ must look at the claimant's "residual functional capacity and

ORDER - 8

the physical and mental demands" of the claimant's past relevant work.  20 C.F.R. § 404.1520(e); *see also Villa v. Heckler*, 797 F.2d 794, 798 (9th Cir. 1986).  The plaintiff bears the burden of showing she can no longer perform her past relevant work.  *Andrews v. Shalala*, 53 F.3d 1035, 1040 (9th Cir. 1995).  It is not enough for the plaintiff to show that she cannot perform the exact job she once did; she must prove that she cannot return to the same type of job.  *Villa*, 797 F.2d at 798.  In finding that an individual has the capacity to perform a past relevant job, the determination or decision must contain among the findings the following specific findings of fact:

1.   A finding of fact as to the individual's residual functional capacity (RFC).

2.   A finding of fact as to the physical and mental demands of the past job/occupation.

3.   A finding of fact that the individual's RFC would permit a return to his or her past job or occupation.

Social Security Regulation 82-62.

Here, the ALJ relied on the opinions of a number of examining physicians in determining that the plaintiff has the residual functional capacity to perform light work.  (Tr. 22-25.)  The ALJ did not find the testimony of either the plaintiff or her husband to be entirely credible as to the extent of her disability.  (Tr. 26-31).  The plaintiff does not challenge this credibility finding.  The ALJ found "that the claimant retains the capacity for light work, with the benefit of the doubt further limited to lifting and working

ORDER - 9

overhead to only occasional.  She has no further limitations."  (Tr. 31.)

The ALJ made specific findings as to (1) the plaintiff's residual functional capacity (Finding of Fact 7); (2) the physical and mental demands of the plaintiff's past work (Finding of Fact 8); and (3) the plaintiff's ability to return to her past work or a similar occupation (Finding of Fact 9).  (Tr. 33.)

There is substantial evidence in the record to support the ALJ's findings, as listed previously.  While the plaintiff may not be able to find the exact same occupation as she had while living in California, there are occupations within the State of Washington that require similar skills and are categorized as "light work."  The ALJ did not err in determining that the plaintiff has the ability to perform such jobs.  The plaintiff's argument does not form the proper basis for remand of this case to the ALJ for further consideration.

## VIII.  CONCLUSION

The plaintiff has not carried her burden of establishing why new evidence should be submitted to the ALJ for consideration.  The plaintiff has not provided information to establish good cause for failing to obtain Dr. Cox's opinion before the plaintiff's hearing in front of the ALJ.  There is substantial evidence in the record to support the ALJ's finding that the plaintiff can return to her past relevant work as a medical office assistant, even with the limitations that plaintiff has in regards to working overhead.  While the plaintiff's former position, which is categorized as "light work," may not be available in the State of Washington, there are

other jobs in this state that would allow the plaintiff to use skills

obtained while working as a medical office assistant.  Accordingly,

**IT IS HEREBY ORDERED:**

1.  Ms. Barnhart's Motion for Summary Judgment, **Ct. Rec. 13**, is

**GRANTED.**

2.  Ms. Smith's Motion for Summary Judgment, **Ct. Rec. 11**, is

**DENIED.**

3.  **Judgment** is hereby entered for the **Defendant.**

**IT IS SO ORDERED.**  The District Court Executive is hereby

directed to enter this Order, furnish copies to counsel and **CLOSE THE**

**FILE.**

**DATED** this <u>29th</u> day of August, 2005.

s/ Fred Van Sickle
Fred Van Sickle
United States District Judge

ORDER - 11